UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CAUSE NO. A-09-CR-453 SS |
| | ) | |
| JESSE JOE GUTIERREZ | ) | |

**DEFENDANT'S DEMAND FOR AN IMMEDIATE TRIAL AND
NOTICE OF INTENT TO ASSERT AN INSANITY DEFENSE**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE,
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN, DIVISION:

COMES NOW Defendant Jesse Joe Gutierrez, by and through his undersigned counsel, and files this (1) demand for an immediate and speedy trial; and (2) notice of his intent to assert an insanity defense, see Fed. R. Crim. P. 12.2(a).

Mr. Gutierrez's position is that (1) he is not presently suffering from a mental illness and does not need psychotropic drugs to restore his competency for trial; and (2) it is the government's burden to prove otherwise. At trial, the defense intends to argue that Mr. Gutierrez is not guilty by reason of his insanity at the time of the alleged offense.

The defense notes that, before this case can be tried, certain conditions precedent must be satisfied, including:

1. The government must meet its burden of exhausting

administrative procedures under the applicable BOP regulation, 28 C.F.R. § 549.43.  That regulation requires that the BOP obtain a determination from a hearing officer – *i.e.*, a psychiatrist "who is not currently involved in the diagnosis or treatment of the inmate" – on the questions "whether involuntary treatment or psychotropic medication is necessary in order to attempt to make the inmate competent for trial", see § 549.43(a)(3),(5), and whether the related criteria set forth in Sell v. United States, 539 U.S. 166, 180-81 (2003), are satisfied. See United States v. White, 431 F.3d 431, 433-34 (5th Cir. 2005) (commenting that the § 549.43 process must be followed in the first instance before a request for judicial oversight under Sell, *i.e.*, for involuntary treatment with drugs to restore trial competence, is brought to the federal court); United States v. Brooks, Crim. No. 05-338, 2010 WL 3942720, at *8 (W.D. Pa., Sept. 30, 2010)(citing White); United States v. Richardson, No. 3:08-cr-302-J-32TEM, 2009 WL 4730563, at *2 (M.D. Fla., Dec. 7, 2009)(same).[1]

---

[1] No such determination was made in this case; instead, the BOP hearing officer, Ralph Newman, M.D., determined only that the "dangerousness" criteria for involuntary treatment set forth in Washington v. Harper, 494 U.S. 210 (1990), are not satisfied. However, it clear that the BOP, by its own regulations, must address *both* the Harper dangerousness and Sell competency-restoration issues prior to either issue being ripe for judicial action.

2.  The government then must ask this Court for an evidentiary hearing under Sell and seek to prove, by clear and convincing evidence, that those criteria are satisfied. See, e.g., United States v. Rix, 574 F. Supp.2d 726, 730-31 (S.D. Tex. 2008); United States v. Reynolds, 553 F. Supp.2d 788, 791-92 (S.D. Tex. 2008).

3.  The government must also comply with this Court's order, dated September 18, 2009 (Docket Entry 15), directing that Mr. Gutierrez be examined by a BOP psychiatrist to determine whether he "was insane at the time of the offense charged."

The government's failure to satisfy these conditions precedent has needlessly prolonged Mr. Gutierrez's pretrial confinement.

                          Respectfully submitted,

                          HENRY J. BEMPORAD
                          Federal Public Defender

                          /s/ William H. Ibbotson

                          _____
                          WILLIAM H. IBBOTSON
                          Supv. Assistant Federal Public Defender
                          Western District of Texas
                          800 Brazos Street, Suite 490
                          Austin, Texas 78701
                          (512) 916-5025
                          (512) 916-5035 (FAX)
                          Bar Number: Texas 10382938

                          *Attorney for the Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 7th day of December, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Douglas Gardner, Assistant U.S. Attorney
    816 Congress Ave., Ste. 1000
    Austin, TX 78701


    /s/ William H. Ibbotson
    _____
    WILLIAM H. IBBOTSON